IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

ADAN LUCIANO, JR.,

      Appellant,

v.

ADECCO/BROADSPIRE,

      Appellee.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-5626

_____/

Opinion filed July 20, 2016.

An appeal from an order of the Judge of Compensation Claims.
Geraldine B. Hogan, Judge.

Date of Accident: September 12, 2011.

Kimberly A. Hill of Kimberly A. Hill, P.L., Fort Lauderdale, for Appellant.

H. George Kagan of Miller, Kagan, Rodriguez & Silver, P.L., West Palm Beach, for
Appellee.

PER CURIAM.

      In this workers' compensation case, Claimant appeals an order of the Judge

of Compensation Claims (JCC) awarding costs in the amount of $8,421.07 to the

Employer/Carrier (E/C) as a prevailing party under section 440.34(3), Florida

Statutes (2011). Claimant does not dispute that the E/C prevailed, but contests the amount, arguing that the JCC abused her discretion in refusing to strike as hearsay the E/C's attorney's testimony about the amount of the costs, and then in awarding costs based solely on that testimony (invoices and the E/C's payout ledger were excluded, and their exclusion is not challenged by the E/C).

The specific costs awarded were related to surveillance, labor market research, and vocational expert services. Claimant had objected to, *inter alia*, the taxability of the costs, their reasonableness, and their necessity in relation to the claims on which the E/C had prevailed. The E/C's attorney offered testimony in order to establish that "those amounts have been paid as reflected in the payout ledger," a document created by his client, the workers' compensation insurance carrier, to show its costs. But on cross-examination he admitted that he knew the payments were made only because they were "reflected as being paid in the payout ledger" and because his firm had not received follow-up correspondence or bills indicating outstanding amounts owed.

We agree that the JCC abused her discretion in admitting the attorney's testimony over Claimant's hearsay objection. The testifying attorney's knowledge as to the amount of costs was taken directly from the excluded documents – but the problem with his testimony is not the fact of the documents' exclusion, but rather

his complete reliance on those documents.[1] "Merely repeating a statement in the courtroom does not convert a hearsay statement into non-hearsay." Charles W. Ehrhardt, 1 Fla. Prac., Evidence § 801.2 (2015 ed.) (citing Pierre-Charles v. State, 67 So. 3d 301, 305 (Fla. 2d DCA 2011)).

REVERSED and REMANDED for entry of an order in accord with this opinion.

ROBERTS, C.J., ROWE, and MAKAR, JJ., CONCUR.

---

[1] By this opinion we do not limit an attorney's ability to testify as to information about which she or he has personal knowledge – knowledge which was lacking in this case. Perhaps the better practice in a situation such as the E/C faced here would be to establish that certain bills in a certain amount were actually paid by presenting testimony of an adjuster or records custodian.